IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PAULA NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  3:17-cv-354-WKW-TFM |
| ) | [wo] |
| 3HS OPERATIONS OF GEORGIA, ) | |
| LLC d/b/a BOJANGLES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On May 31, 2017, Plaintiff Paula Nichols filed the Complaint against Bojangles International LLC in the Circuit Court of Lee County, Alabama.  Doc. 1.  Plaintiff subsequently filed an Amendment to the Complaint, naming 3HS Operations of Georgia, LLC d/b/a Bojangles ("Bojangles" or "Defendant") as the defendant.[1]  *Id*.  On May 31, 2017, Defendant removed the case to the United States District Court for the Middle District of Alabama, asserting this court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §1332.  *Id*.  On June 2, 2017, Plaintiff filed a motion to remand the case to the Lee County Circuit Court.  Doc. 4.  On June 5, 2017, Defendant filed a response.  Doc. 8.

Now pending before the Court is the Motion to Remand. Upon review of the pleadings, the Motion to Remand, and the Response, the court recommends that the

---

[1] On June 23, 2017, Plaintiff filed a stipulation indicating that Bojangles International LLC should be dismissed as a defendant and that 3HS Operations of Georgia, LLC is the proper defendant. Doc. 14.

Motion be **GRANTED.**

## II. DISCUSSION

### A. The Remand Standard

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Congress has empowered the federal courts to hear a case removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. See U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant, as the party removing the action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and any doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted). Although the Court favors remand where federal jurisdiction is not absolutely clear, *see Burns*, 31 F.3d at 1095, "federal courts have a strict duty to exercise jurisdiction conferred on them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).

### B. The Removal Statute

Title 28 U.S.C. § 1441(a) allows a defendant to remove an action from state to federal court if the Plaintiff could have originally brought his claim in federal court. No federal question is presented in the Complaint; thus, the removal of this action hinges on diversity jurisdiction. For this court to exercise removal jurisdiction based on diversity, there must be complete diversity of citizenship of the adverse parties and the amount in controversy must exceed $ 75,000, exclusive of interest and costs. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002); 28 U.S.C. § 1332. Therefore, jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. *Id.* When a plaintiff asks for a specific sum in the complaint and that sum falls below $75,000, the defendant must prove to a legal certainty that the amount in controversy exceeds $75,000. *Burns*, 31 F.3d at 1095.

### C. Analysis

The diversity of citizenship in this case is not in dispute. Plaintiff Nichols is a citizen of Alabama. Bojangles is a corporation incorporated under the laws of Georgia and its principle place of business is Columbus, Georgia. Therefore, complete diversity of citizenship exists.

Next, the Court looks to the amount in controversy. As the removing party, Bojangles bears the burden of showing by a preponderance of the evidence that the amount in controversy is satisfied. *See Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 913

(11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). Bojangles, however, "is not required to prove the amount in controversy beyond all doubt or to banish uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Bojangles may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). When doing so, Bojangles may not resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In determining whether the jurisdictional amount is met, the court need not "suspend reality or shelve common sense," but instead "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

Bojangles asserts that the jurisdictional threshold is satisfied because Plaintiff asks for up to $50,000 in damages on each Count. Bojangles' position is that the amount listed in the damages clause in each count may be aggregated to ascertain the amount in controversy. Generally, "multiple claims by the same plaintiff against a single defendant <u>may</u> (not must) be aggregated to determine the amount in controversy for § 1332 purposes." *See Jones v. Bradford*, No. 17-0155-WS-N, 2017 WL 2376573, at *2 (S.D. Ala. June 1, 2017) (citing, *e.g. De La Rosa v. Reliable, Inc.,* 113 F. Supp. 3d 1135, 1152 (D.N.M. 2015) ("Multiple claims by the same plaintiff against the same defendant may

be aggregated, even if the claims are entirely unrelated.")). The bright-line limitation to this principle, however, is that "[n]o aggregation of claim-by-claim valuations may be done to reach the jurisdictional threshold if the claims presented are alternative bases of recovery for the same harm." *Jones*, 2017 WL 2376573, at *2 (citing, *e.g.*, *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) ("if these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy.")).

Plaintiff maintains that the Complaint asserts different theories of recovery for the same injury. This court's review of the Complaint indicates that all of the claims relate to a single slip-and-fall incident at a Bojangles restaurant in Opelika, Alabama on March 23, 2015. Doc. 1, Pl's Comp., p. 2. Plaintiff alleges that as the result of the defendant's negligence and/or wantonness, the following injuries occurred:

> The Plaintiff, Paula Nichols, suffered injuries to her head, neck, knees, back and shoulder and leg was bruised and she was contused about the various and separate parts of her body; she was made sick and sore and her internal system was shocked and impaired; she experienced great physical pain and mental anguish and will continue to experience same in the future; she was caused to seek medical treatment in and about an effort to heal her aforesaid injuries; she was caused to incur great expenses for medical and drug bills as a result of treatments for her aforesaid injuries and will in the future be caused to undergo medical treatment and incur medical expenses as a result of said injuries; she was rendered less able to enjoy her normal duties, activities and pursuits; and she was permanently injured.

*Id*., pp. 2-3.

Plaintiff asserts five separate counts related to the slip-and-fall incident as follows:

- Count One – "Plaintiff avers that . . . the Defendant negligently

and/or wantonly maintained or failed to maintain their premises in a safe condition. . . . Plaintiff further avers that the Defendant failed to adequately warn the Plaintiff of said defective condition, and/or negligently/wantonly failed to maintain the premises in a safe condition. . . . Plaintiff further avers that her injuries occurred as a direct result of the Defendant's negligence or wantonness and as a direct result of the condition of the Defendant's premises. Said defects were known to the Defendant or should have been known to the Defendant with the exercise of due care. [] The Plaintiff avers that as a direct and proximate result of the Defendant's negligence or wantonness, [she] sustained . . . injuries." (Pl's Comp., pp. 2-3.)

- Count Two – Plaintiff avers she was injured "[a]s a direct and proximate cause of the Defendant's failure to maintain and provide due care" in the "maintenance and care of the premises." (Pl's Comp., p. 3)

- Count Three – Plaintiff avers that she was injured because Defendant failed to "maintain and provide due care" by "convey[ing] warnings pertaining to the safety of the premises." (Pl's Comp., p. 4.)

- Count Four – Plaintiff avers that Defendant "fail[ed] to maintain and provide due care" by failing to fulfill its "duty or obligation it was to properly maintain." (*Id*.)

- Count Five – Plaintiff avers a claim of "negligence/wantonness" based on Defendant's "failure to maintain or provide due care." (Pl's Comp., p. 5.)

It is true that Plaintiff lists several separate counts against Bojangles. At the end of the day, however, Plaintiff repeatedly asserts a claim for a single injury in which she requests damages for harm stemming from one slip-and-fall incident at the restaurant. In other words, each count repeats itself like the simple chorus of a Nitty Gritty Dirt Band tune. "'A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though she "advances a variety of legal theories to support that recovery."'" *Andrews*, *supra* (quoting *Holmes v. Boehringer Ingelheim Pharmaceuticals,*

*Inc.*, 158 F. Supp. 2d 866 (N.D. Ill. 2001)). Thus, this court will not aggregate Plaintiff's separate theories of recovery for jurisdictional purposes.

In the Complaint, Plaintiff demands "judgment against the Defendant[] in compensatory and punitive damages in an amount not to exceed $50,000.00." Doc. 1, pp. 5-7. It is not at all clear from the Plaintiff's request that the value of her claims exceed $75,000. This court will not dance into "the inherently difficult-to-value nature of subjective and punitive damages" and speculate as to the total amount of damages. *See Andrews*, 863 F. Supp. 2d 1137, 1142 (M.D. Ala. 2012). Accordingly, the Court finds that Bojangles cannot prove to a legal certainty that the claims asserted by Plaintiff exceed $75,000. The case is therefore due to be remanded to the Lee County Circuit Court.

### III. CONCLUSION

For the reasons discussed, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1) The Motion to Remand be GRANTED. Doc. 4.

(2) This action be REMANDED to the Circuit Court of Lee County.

(3) The Clerk of Court be DIRECTED to take appropriate steps to effect the remand.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 26, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District

Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 11th day of July, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE